UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, by and through its PORT COMMISSION, and PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiffs,<br><br>v.<br><br>EXXONMOBIL OIL CORP., a corporation, and DOES 1-100<br><br>Defendants. | No. C 08-03490 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Motion to Intervene** |

Plaintiffs City and County of San Francisco, by and through its Port Commission, and People of the State of California ("plaintiffs" or "City") filed this action against ExxonMobil Oil Corporation ("defendant" or "ExxonMobil") seeking declaratory and injunctive relief and damages for alleged environmental tortious actions. Now before the court is a motion to intervene as of right or with the court's permission by F. Alioto Company, Inc. ("applicant" or "Alioto"). Applicant seeks to file cross-claims against the City and ExxonMobil. The City has opposed the motion and ExxonMobil has filed a motion of non-opposition. After having considered the parties' arguments, and for the reasons stated herein, the court rules as follows.

BACKGROUND[1]

Plaintiffs filed this action against defendant on June 19, 2008, in the Superior Court of the State of California. Plaintiffs are citizens of California. Defendant is a corporation organized under the laws of New York, with its principal place of business in Texas. As alleged, this action concerns environmental torts that arose out of defendant's disposal and release of hazardous substances

including petroleum products on and beneath a former bulk oil terminal on property owned by plaintiffs. The property is the former Mobil Oil Bulk Terminal located at or near 440 Jefferson Street, in the Fisherman's Wharf area of San Francisco, California ("the Site"). Plaintiffs allege the disposal and release of petroleum products occurred while defendant's predecessors in interest operated underground and above-ground fuel transfer pipelines, fuel storage tanks, fuel loading and unloading facilities, and related facilities as plaintiffs' licensee of the property. Plaintiffs contend this action represents the culmination of years of effort to secure defendant's fulfillment of obligations to clean up contamination of the site and ensure compliance with various directives of the California Regional Water Quality Control Board, San Francisco Region, issued as early as March 2003. See Bach Dec., ¶ 2, Exh. A.

Plaintiffs' complaint fails to state the amount in controversy and seeks damages and declaratory and injunctive relief based on claims for continuing private nuisance, continuing public nuisance, a continuing trespass, unjust enrichment, breach of contract and equitable indemnity. Plaintiffs request relief including: (1) an order requiring defendant to perform remedial action to abate the nuisance at the Site and to remove trespassing material; (2) an order requiring defendant to pay all costs to abate the contamination at the Site including contamination in surrounding areas; (3) an order permanently ordering defendant to defend plaintiffs and to hold it harmless against all liability, loss, costs and expenses incurred by plaintiffs in investigating and remediating contamination on and near the Site; (4) damages in excess of the jurisdictional limit to compensate plaintiffs for costs of investigation, monitoring, remediation and other costs incurred as a result of the release of fuels by defendant at the Site, and for damages to plaintiffs' economic interest and real property and for the loss and enjoyment of commercial and recreational opportunities; and (6) an order requiring defendant to disgorge to plaintiffs all profits or monies unjustly received as a result of defendant's unlawful actions.

On July 21, 2008, defendant removed the action to this court based on diversity of citizenship between the parties and an amount in controversy, exclusive of costs and interest, in excess of $75,000, pursuant to 28 U.S.C. sections 1332 and 1441. Plaintiffs made no motion for remand and it

2

is clear from the complaint and notice of removal that the amount in controversy is well in excess of $75,000.

On December 17, 2008, applicant moved to intervene in this action either as of right or with the court's permission, pursuant to Federal Rule of Civil Procedure 24, to assert claims against both plaintiffs and defendant. Applicant contends it has a right to intervene in the case because it has an interest in the subject matter of the action, disposition of the action would harm its interests, and because the existing parties are unable to adequately protect its interests.

On December 22, 2008, an initial case management conference was held. At that conference, the parties noted that initial disclosures had been completed and an agreement was made to complete the previously-ordered mediation by March 20, 2009. The court ordered a further status conference on May 4, 2009, at which time plaintiffs and defendant will present a joint supplemental status report, including a joint discovery plan to be filed one week prior. Applicant attended the conference as a non-party and generally agreed to proceed under these deadlines if leave to intervene is granted.

Applicant is a California corporation, licensed to engage in the business of processing and selling fish and fish products. Applicant leases property at or near the Site from plaintiffs and has engaged in the fish processing business there since 1941. Applicant alleges that, as lessee of the Site, it is affected by the continuing nuisance and trespass occurring there. As part of its motion to intervene, applicant has filed a proposed complaint with claims against plaintiffs and defendant, seeking injunctive and monetary relief under several causes of action. The first through third causes of action are alleged against both plaintiffs and defendant and the fourth through sixth causes of action are alleged solely against plaintiffs. Applicant's proposed claims are for (1) abatement of continuing private nuisance; (2) abatement of continuing public nuisance; (3) abatement of continuing trespass; (4) breach of contract; (5) breach of the covenant of quiet enjoyment; and (6) declaratory relief.

Unlike plaintiffs, defendant does not oppose the intervention. See Def. Statement of Non-Opposition, Docket No. 22. Plaintiffs oppose applicant's motion to intervene on the grounds that the

1 court has no subject matter jurisdiction on which to hear applicant's cross-claims, pursuant to 28
2 U.S.C. section 1367(b).

DISCUSSION

Because subject matter jurisdiction must be maintained at all times, it supercedes any right of a party to intervene in a pending action. Prior to any consideration of the merits of applicant's motion to intervene, therefore, the court must address the issue of subject matter jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982) (explaining that the court is under an obligation to address issues of subject matter jurisdiction at any time).

I.   Subject Matter Jurisdiction

   A.   Diversity Jurisdiction

It is axiomatic that a court must have subject matter jurisdiction over all parties' claims in order to adjudicate the case or controversy. See e.g., Marshall v. Marshall, 547 U.S. 293 (2006). Subject matter jurisdiction is afforded when federal questions are raised, 28 U.S.C. § 1331, when parties are diverse, 28 U.S.C. § 1332, or if supplemental jurisdiction is warranted. 28 U.S.C. § 1367. This action raises issues on the latter two grounds—diversity jurisdiction and supplemental jurisdiction. District courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant. See 28 U.S.C. section 1332(a); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Defendant removed this action from state court because diversity jurisdiction existed. The amount in controversy is over $75,000, and plaintiffs and defendant are citizens of different states. Now, applicant seeks to intervene as a citizen of the same state as plaintiffs.

Plaintiffs oppose applicant's motion to intervene on the grounds that 28 U.S.C. section 1367 precludes supplemental jurisdiction where the proposed claims would destroy diversity. Applicant asserts no federal questions, and shares citizenship with plaintiffs. The only potential ground for

subject matter jurisdiction over applicant's claims, therefore, is supplemental jurisdiction under 28 U.S.C. section 1367.

### B. Supplemental Jurisdiction

In a case where there is original jurisdiction over the named plaintiff based on diversity, then supplemental jurisdiction can attach to the claims of all other plaintiffs pursuant to 28 U.S.C. section 1367(a). See Gibson v. Chrysler Corp., 261 F.3d 927, 940 (9th Cir. 2001). Subsection (a) provides that "in any civil action of which the district courts shall have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). In sum, this subsection provides district courts with supplemental jurisdiction over related claims.

Subsection (b) carves out exceptions to this grant of jurisdiction for diversity cases, however. Section 1367(b) precludes a court from granting supplemental jurisdiction in certain specified circumstances. Where, as here, original jurisdiction is based solely on diversity, that subsection dictates that:

> . . . *district courts shall not have supplemental jurisdiction* under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or *over claims by persons* proposed to be joined as plaintiffs under Rule 19 of such rules, or *seeking to intervene as plaintiffs under Rule 24* of such rules, *when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332*.

28 U.S.C. § 1367(b) (emphasis added).

In other words, a court does not have supplemental jurisdiction over proposed claims by parties seeking to intervene as plaintiffs if that jurisdiction would destroy diversity. In this case, the applicant is seeking to intervene as a plaintiff. Neither applicant nor plaintiffs contend that applicant is seeking to intervene as a defendant or that applicant is otherwise aligned with defendant in any manner. Indeed, if applicant were intervening as a defendant, section 1367 on its face would not apply.[2] See Development Finance Corp. v. Alpha Housing and Health Care, Inc., 54 F.3d 156, 160-61 (3rd Cir. 1995) (section 1367(b) does not extend to intervening defendant's counterclaim or cross-claim); see also Mattel, Inc. v. Bryant, 446 F.3d 1011, 1014 (9th Cir. 2006) (affirming

5

jurisdiction over non-diverse and non-indispensable defendant's claims because the court had already decided that the defendant did not destroy diversity).

An applicant's asserted intervening position is not dispositive, however. Courts must, for jurisdictional purposes, align "those parties whose interests coincide respecting the primary matter in dispute." Prudential Real Estate Affils., Inc. v. PPR Realty Inc., 204 F.3d 867, 873 (9th Cir. 2000) (citations omitted); Indianapolis v. Chase National Bank, 314 U.S. 63, 69 (1941) (noting it is the court's duty to "arrange the parties according to their sides in the dispute") (citation omitted). Applicant asserts that it is aligned with plaintiffs, and based on the record, the court finds no reason to challenge that assertion and realign the parties. Applicant's complaint in intervention consists of affirmative claims that could just as well have been brought in a separate state court action. None of applicant's claims are defenses to plaintiffs' claims. Moreover, plaintiffs' liability to applicant, if any, is a contractual matter governed by a separate agreement not before this court at this time. Neither these nor any other facts counsel in favor of a finding that applicant is an intervening defendant to any of the allegations averred in plaintiffs' complaint. Under these circumstances, the court finds that applicant is in effect both a plaintiff and cross-plaintiff with regard to its intended intervention to assert claims against defendant and plaintiffs, respectively. Accordingly, the court evaluates whether exercising supplemental jurisdiction over the proposed state law claims asserted by applicant as a form of intervening plaintiff would destroy diversity.

As the parties correctly point out, the Ninth Circuit has yet to apply section 1367 in the context of claims by a proposed intervening plaintiff. However, the Seventh Circuit and several district courts in various circuits have uniformly held that an intervening plaintiff is barred from asserting state law claims against a non-diverse plaintiff because the court is prohibited from exercising jurisdiction under section 1367(b). See TIG Ins. v. Reliable Research Co., 334 F.3d 630, 634 (7th Cir. 2003); Siteworks Contracting Corp v. Western Surety Co., 461 F. Supp. 2d 205, 208 (S.D.N.Y. 2006) (denying motion to intervene for a want of subject matter jurisdiction, based on finding that intervening defendant was better classified as intervening plaintiff and was "barred from asserting its state law claims against non-diverse plaintiff under § 1367(b)"); MCI Telecomm. v. Logan Group, 848 F. Supp. 86, 88-89 (N.D. Tx. 1994) (intervening party who was not subject to

liability under plaintiff's complaint defined as third-party plaintiff who was barred from asserting state law claims against non-diverse original plaintiff under section 1367(b)); Yorkshire P'ship, Ltd. v. Pacific Capital P'ships, 154 F.R.D. 141, 142 (M.D. La. 1993) (denying intervention because intervenor-plaintiff alleged claims against all parties, including original plaintiff with whom he shared residency, and therefore court deprived of supplemental jurisdiction because complete diversity would be destroyed); see also, Deere & Co. v. Diamond Wood Farms, Inc., 152 F.R.D. 158, 160 (E.D. Ark. 1993) (supplemental jurisdiction could not be exercised over intervening plaintiff when intervention would destroy diversity), quoting 3B James Wm. Moore et al., Moore's Federal Practice ¶ 24.18 (2d ed. 1993), at 24-182 ("1367(b) makes one change in prior practice by eliminating supplementary jurisdiction over a party who intervenes, even if by right, as a plaintiff in a diversity action if that party does not meet the requirements for diversity jurisdiction").

Applicant distinguishes the Seventh Circuit's holding in TIG on the basis that, there, the intervenor was asserting counterclaims, whereas here, applicant is asserting cross-claims.[3] Applicant glosses over the fact that Security Union, the intervenor in TIG, in fact brought claims against both plaintiff and defendant in that action, i.e., counterclaims and cross-claims, just as applicant seeks to do in this action. Ignoring this fact, applicant tries to dismantle TIG's holding by noting that Security Union (intervenor) and Reliable (original defendant) were aligned against TIG (original plaintiff), and therefore Security Union's claims against TIG were "counterclaims." Applicant fails to acknowledge that Security Union's claims against Reliable were, under this rationale, "cross-claims." Applicant's attempt to distinguish TIG's application is without merit, as TIG's intervenor sought to bring claims against both parties in a diversity action. 334 F.3d at 632. The Seventh Circuit held that the intervening plaintiff failed to meet its burden to establish subject-matter jurisdiction over its claims against the non-diverse party. Those claims failed because they destroyed jurisdiction and they would have failed irrespective of whether they were deemed counterclaims or cross-claims. See Moore's Federal Practice § 106.46 (3d ed. 2008) ("[u]nder Section 1367(b) . . . claims against non-diverse parties asserted by persons seeking to intervene as plaintiffs are not supported by supplemental jurisdiction in a diversity action, even if intervention is by right under Rule 24(a).")

7

Moreover, applicant's implicit characterization of Security Union as an intervening "defendant" is misplaced for three reasons. First, the Seventh Circuit defined Security Union as an intervening plaintiff. See 334 F.3d at 633. Second, had Security Union attempted to intervene as a defendant, or had the court treated Security Union as an intervening defendant, section 1367 would not have applied. Section 1367 (b) is only implicated when the proposed claims are brought by a proposed intervening plaintiff. See 28 U.S.C. § 1367(b). Third, despite any alignment of interest between Reliable and Security Union, an intervenor is only treated as a defendant if it is potentially liable to the plaintiff on the primary claim. See, e.g., 16 James Wm. Moore et al., Moore's Federal Practice § 106.46 (3d ed. 2008); see also MCI Telecomm., 848 F. Supp. at 88-89 (finding that intervenor had no interest placed at risk by complaint, and therefore could not intervene as a defendant). In TIG, Security Union could not have been liable to TIG for material misrepresentations, the original claim. 334 F.3d at 632. Similarly, here, no party argues that applicant is potentially liable to plaintiffs on the original claims of environmental torts. Accordingly, applicant's attempt to distinguish TIG based on the use of the "counterclaim" versus "cross-claim" language is unpersuasive.

### C. Additional Considerations

Notwithstanding the above, applicant makes two supporting arguments for why its "cross-claims" should be granted supplemental jurisdiction. Applicant asserts that its interests are aligned with plaintiffs. Applicant also asserts that because the "cross-claims" are related to the subject of the main action, allowing subject matter jurisdiction over these cross-claims would be an expeditious and economical use of judicial resources. These arguments miss the mark and misdirect the analysis. Even if they were accepted as true, these arguments only support intervention under Rule 24; they do not serve to rebut the court's jurisdictional analysis under section 1367(b). The impropriety of using equitable arguments to support subject matter jurisdiction as a matter of law has been similarly decried by another court confronted with a highly similar set of facts regarding claims by an intervening plaintiff. See Siteworks Contracting Corp., 461 F. Supp.2d at 213 ("[t]he limited jurisdiction of this Court, however, is not expanded merely for judicial economy . . .").

The court sees no need to create a policy conundrum out of a fairly straightforward legal issue. The fact that applicant seeks to intervene as a plaintiff is what invokes the 1367(b) jurisdictional issue. The core of the 1367 analysis here is whether exercising jurisdiction over the new claims would be inconsistent with section 1332. While applicant is aligned with plaintiffs in its claims against defendant, applicant is not aligned with plaintiffs in the six causes of action applicant asserts against plaintiffs, three of which are solely against plaintiffs. These new claims pit the non-diverse plaintiffs and applicant against one another. The mere fact that applicant and plaintiffs may be aligned in some respects does not then allow all claims brought by that party to enjoy supplemental jurisdiction. See Mattel, Inc. v. Bryant, 441 F. Supp. 2d 1081, 1097 (C.D. Cal. 2005) ("Section 1367(b) is concerned with the assertion of new claims, not the intervention alone of the new parties."), aff'd on other grounds Mattel, Inc. v. Bryant, 446 F.3d 1011 (9th Cir. 2006). This is particularly so when *all* of the claims proposed by applicant are being asserted against plaintiffs. Whatever aligning interests applicant alleges it has with plaintiffs, they appear to be scant, given that every cause of action applicant seeks to bring is against plaintiffs.

Applicant cites no case which would persuade the court to grant supplemental jurisdiction to an intervening plaintiff's "cross-claims" against a non-diverse co-plaintiff.[4] Based on the persuasive authority of the Seventh Circuit, along with other district court decisions, the court finds that allowing applicant to bring state law claims against the non-diverse plaintiff would destroy diversity, and the court is therefore precluded from exercising supplemental jurisdiction over those claims. This court lacks valid subject matter jurisdiction over applicant's proposed claims 1-3 (for private and public nuisance and trespass) insofar as they are stated against plaintiffs and 4-6 (for breach of contract, breach of covenant of quiet enjoyment and declaratory relief) against plaintiffs alone because both applicant and plaintiffs are California residents, thus barring the court from hearing these claims under its exception to supplemental jurisdiction in diversity cases contained in 28 U.S.C. section 1367(b). Because claims 4-6 are better understood as affirmative claims of relief asserted against plaintiffs, they cannot be heard in this court under the grant of supplemental jurisdiction contained in 28 U.S.C. section 1367(a). Accordingly, the court **DENIES** applicant's

9

motion to intervene on the grounds that its proposed claims against plaintiffs would destroy diversity and therefore deprive the court of subject matter jurisdiction.

II. Intervention Jurisdiction

The court has found it has no jurisdiction over the subject matter of applicant's claims against plaintiffs. However, the court has not addressed the issue of jurisdiction over the applicant as intervening plaintiff. Normally, section 1367 is concerned with claims and not a party as a whole. See supra Mattel, 441 F. Supp. 2d at 1097. Here, however, because none of applicant's proposed claims is being asserted against defendant alone, section 1367 effectively serves to destroy diversity jurisdiction over applicant's intervention. Had applicant asserted one or more claims against defendant alone, claims for which there could be subject matter jurisdiction under 1367 because defendant is a diverse party, the court could have proceeded with an analysis of whether applicant had the basis to intervene as of right under Federal Rule of Procedure 24(a). Applicant did not assert any such claims, however, and so the court will not proceed with any such analysis.

Neither will the court grant intervention based on a legal presumption of personal jurisdiction over applicant. At present, the court does not find this a situation where applicant's actions have amounted to a legal submission to the jurisdiction of the court. See, e.g., Insurance Corp. of Ireland, Ltd., 456 U.S. at 704-705 (describing situations in which a party may have waived, or be estopped from raising the issue of personal jurisdiction). Having determined that there is no supplemental jurisdiction under section 1367 over applicant's claims in intervention, and applicant having shown no other basis for the court to exercise jurisdiction over it, the inquiry stops here. The court's denial of applicant's motion to intervene is predicated on the fact that all of applicant's proposed claims are against plaintiffs and the court does not have jurisdiction over any of those claims. This ruling does not preclude applicant from bringing its claims against plaintiffs and defendant in a separate action in state court since diversity jurisdiction is not available. Nor does this ruling preclude applicant from moving to intervene with proposed claims against defendant alone in this action in the future.

CONCLUSION

10

Applicant's motion to intervene is **DENIED**. Because subject matter jurisdiction must be maintained at all times, the court cannot allow an applicant to intervene to raise claims that the court cannot adjudicate. This ruling in no way precludes applicant from fully litigating any and all of its claims elsewhere. Because applicant's motion to intervene is denied based on applicant's assertion of claims against plaintiffs, the court grants applicant the right to re-plead its motion to intervene to bring claims against defendant alone.

In view of the parties pending settlement of all the claims among all the parties, including applicant; their entry into a tolling agreement with applicant; and their request of a stay in this litigation in order to effectuate the settlement, the court continues this matter on its calendar to September 21, 2009 at 3:00 PM. The Case Management Conference scheduled for May 4, 2009 is vacated and this action is stayed until September 21, 2009.

IT IS SO ORDERED.

Dated: May 4, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

# ENDNOTES

1. Unless otherwise noted, the court draws on the facts alleged in plaintiffs' complaint and in the moving papers.

2. As explained in Moore, there are few exceptions that apply 1367(b) to defendants. See Moore's Federal Practice 3D § 106.46 ("[u]nder judicial construction of Section 1367, a party may not intervene as a defendant solely for the purpose of asserting a claim against a non-diverse plaintiff. The intervenor must be potentially liable to the plaintiff on the primary claim in order to be treated as a "defendant" to whom supplemental jurisdiction may apply under Section 1367(b).")

3. The distinction between a counterclaim and a cross-claim rests on the relative relationships of the parties to the claim. A counterclaim is brought by parties on opposing sides, whereas cross-claims are asserted between co-defendants or co-plaintiffs. Black's Law Dictionary (8th ed. 2004). The courts are not always diligent when using these terms, and sometimes use one when the other more properly applies. See Charles Alan Wright, The Law of Federal Courts § 80, at 574 (5th ed. 1994).

4. Applicant's reliance on Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816 (8th Cir. 2003) is inapposite here. There, the court allowed plaintiffs to cross-claim against a non-diverse co-plaintiff. Id. at 819-20. The new cross-claims were brought *by and against* the original plaintiffs. Id. The Eighth Circuit rested its decision on the fact that "[a]t the time of the state petition and the petition for removal in this case, diversity jurisdiction existed. All plaintiffs were citizens of different states than all defendants . . . later events do not deprive a court of jurisdiction over parties who were properly aligned in the first instance" 263 F.3d at 819. By contrast, in this case, the proposed cross-claims are being brought *against* the original plaintiffs, but *by* an intervenor-plaintiff. Diversity jurisdiction never existed between applicant as intervenor-plaintiff and plaintiffs. Because the invocation against subject matter jurisdiction in section 1367(b) is predicated on the presence of claims brought by an intervenor, Ryan does not apply.